1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11  DESHAWN JACKSON,                    )   Case No.: 1:14-cv-01213-SAB-HC
                                        )
12                Petitioner,           )   ORDER DISMISSING, WITHOUT PREJUDICE,
                                        )   PETITION FOR WRIT OF HABEAS CORPUS,
13         v.                           )   AND DIRECTING CLERK OF COURT TO
                                        )   TERMINATE ACTION
14  MARTIN D. BITER,                    )
                                        )   (ECF No. 1)
15                Respondent.           )
                                        )
16  _____    )

17         Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §

18  2254.  Pursuant to 28 U.S.C. § 636(c), Petitioner consented to the jurisdiction of the United States

19  Magistrate Judge on August 18, 2014.  Local Rule 302.

20         Petitioner filed the instant petition for writ of habeas corpus on August 4, 2014.  For the

21  reasons explained below, the petition must be dismissed.

22                                              **I.**

23                                        **DISCUSSION**

24         Because the current petition was filed after April 24, 1996, the provisions of the Antiterrorism

25  and Effective Death Penalty Act of 1996 (AEDPA) apply to Petitioner's current petition.  Lindh v.

26  Murphy, 521 U.S. 320, 327 (1997).  A federal court must dismiss a second or successive petition that

27  raises the same grounds as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a

28  second or successive petition raising a new ground unless the petitioner can show that 1) the claim

                                              1

rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the district court that decides whether a second or successive petition meets these requirements, which allow a petitioner to file a second or successive petition.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition.  Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

A second or successive petition for habeas corpus is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason versus on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-87 (2000) (holding that a second habeas petition is not successive if the initial habeas petition was dismissed for failure to exhaust); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-45 (1998) (a second habeas petition is not successive if the claim raised in the first petition was dismissed by the district court as premature.)

In the instant petition, Petitioner contends DNA evidence of forensic identification undermines his conviction.  Petitioner filed a prior petition in this Court challenging the same 1994 conviction for second degree murder from the Fresno Superior County Superior Court.  The prior petition in 1:08-cv-00049-SMS (HC) was dismissed based upon untimeliness.  Such dismissal "constitutes a disposition on the merits" for purposes of Section 2244(b), and any subsequent petitions are second or successive for purposes of Section 2244(b).  McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

On April 2, 2010, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.  Because the prior petition was adjudicated "on the merits," the instant petition is a "second or successive petition" under § 2244(b) that must be dismissed to re-filing if Petitioner seeks and obtains approval in the Ninth Circuit Court of Appeals to file a second or successive petition.  This gate-keeping authorization applies even when, as here, the basis for pursuing a second or successive Section 2254 petition is newly discovered evidence.  Burton v. Stewart, 549 U.S. 147, 153 (2007) (the Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2).").  Accordingly, the instant petition for writ of habeas corpus must be dismissed without prejudice to re-filing if and when Petitioner obtains authorization to file a second or successive petition in this Court.

## II.

## ORDER

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The instant petition for writ of habeas corpus is DISMISSED, without prejudice ; and

2.      The Clerk of Court be directed to terminate this action.

IT IS SO ORDERED.

Dated:   **August 27, 2014**

_____
UNITED STATES MAGISTRATE JUDGE